# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ARTHUR DONALD DARBY, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF )<br>TRANSPORTATION, et al., )<br>)<br>Defendants. ) | 1:14CV245 |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

### LEGAL BACKGROUND

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial

constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

DISCUSSION

Plaintiff's Complaint names the U.S. Department of Transportation, the Federal Aviation Administration ("FAA"), Courtney D. Scott, and Glenn D. Subin as Defendants. (Docket Entry 2 at 1-2.) It appears to allege that the FAA improperly denied Plaintiff's application for an airman medical certificate for failing to meet the required medical standards. (See id. at 1-4; Docket Entry 2-1 at 1-2.) The Complaint states that the FAA "[d]eprived from [Plaintiff] [an] [e]ducation to enlist[] [in a] Commercial Training Pilot Course" and that Plaintiff "[t]ried [his] [b]est [p]erformance in the United States of America - Color Blind." (Docket Entry 2 at 3-4.) It also refers to two attached

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

3

letters from Defendant Scott, Manager of the Aerospace Medical Certification Division within the FAA. (See id. at 2; Docket Entry 2-1 at 1-2.) The first letter constitutes a denial of Plaintiff's application for an airman medical certificate due to his "history of bipolar disorder and use of the medication Divaloproex." (Docket Entry 2-1 at 1.) The second letter reports the rejection of Plaintiff's request for reconsideration as to the airman medical certificate. (Id. at 2.) Based on the foregoing allegations, Plaintiff seeks "losed [sic] wages and education training from [the FAA]." (Docket Entry 2 at 4.)

"The [Federal Aviation] Act requires that pilots be 'physically able to perform the duties' of their position." Bullwinkel v. FAA, 23 F.3d 167, 169 (7th Cir. 1994) (quoting 49 U.S.C. § 44703(a)). "Regulations promulgated pursuant to the [Federal Aviation] Act compel prospective pilots to secure a . . . medical certificate in order to obtain a license." Id. The "[m]ental standards for a first-class airman medical certificate [require] [n]o established medical history or clinical diagnosis of . . . . [a] bipolar disorder." 14 C.F.R. § 67.107(a)(3); see also 14 C.F.R. §§ 67.207(a)(3), 67.307(a)(3) (indicating same standard applies for second- and third-class airman medical certificates). Plaintiff's Complaint does not make clear whether he seeks to challenge the application of the FAA's regulation as applied to him (i.e., Plaintiff asserts he does not have a history

4

of bipolar disease) or the regulation itself as some form of disability discrimination. (See Docket Entry 2 at 1-4.)

Although the Complaint does not identify a cause of action (see id.), the Civil Cover Sheet indicates Plaintiff's intent to bring a claim under the Americans with Disabilities Act ("ADA") (Docket Entry 3). However, Plaintiff's Complaint fails to state any such claim "because none of the five sections of the ADA apply to the Executive Branch of the [Federal] Government, and because none of the sections are applicable [to the FAA's pilot licensing regulations]." Wilks v. FAA, No. C06-940P, 2007 WL 1687765, at *6 (W.D. Wash. June 8, 2007) (unpublished); see also Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal government is excluded from the coverage of the ADA.").

Plaintiff's claim similarly fails under the Rehabilitation Act, which addresses, inter alia, disability discrimination in federal employment and federally funded programs. See generally 29 U.S.C. § 794. Under the Rehabilitation Act, "a private cause of action may exist in favor of handicapped persons . . . against the United States when sued in its capacity as an employer[;] . . . however, . . . [there exists no such] private cause of action against the United States government in its capacity as a regulator." Clark v. Skinner, 937 F.2d 123, 125 (1991). Accordingly, to the extent Plaintiff's Complaint directly

challenges an FAA regulation, it fails to state a claim under the Rehabilitation Act.

Nor can Plaintiff obtain judicial review of his denial under the Federal Aviation Act, because his Complaint does not allege that he has exhausted administrative remedies. (See Docket Entry 2 at 1-4.) Specifically, Plaintiff must appeal his denial to the National Transportation Safety Board ("NTSB") to secure judicial review. See 49 U.S.C. § 44703(d) (citing 49 U.S.C. § 46110). Moreover, judicial review of a denial by the NTSB occurs in the United States Circuit Courts of Appeals. 49 U.S.C. § 46110(a). As a result, even if Plaintiff had properly exhausted administrative remedies, this Court would not have subject-matter jurisdiction to hear a further challenge. Ligon v. LaHood, 614 F.3d 150, 153-54 (5th Cir. 2010) ("[D]istrict courts lack jurisdiction not only over direct challenges to FAA orders, but also over damages claims that are 'inescapably intertwined with a review of the procedures and merits surrounding an FAA order.'" (quoting Zephyr Aviation, L.L.C. v. Dailey, 247 F.3d 565, 572 (5th Cir. 2001))).[2]

---

[2] Under limited circumstances, district courts may exercise subject-matter jurisdiction over constitutional claims for damages against individual FAA officers. See, e.g., Latif v. Holder, 686 F.3d 1122, 1128 (9th Cir. 2012) ("In several prior cases, we allowed broad constitutional claims for damages against the FAA to proceed in the district court because, under § 46110, we lack jurisdiction to grant damages."); Zephyr Aviation, 247 F.3d at 573 ("[T]he district court erred in concluding that it did not have subject matter jurisdiction over [the plaintiff's] Bivens action [against individual FAA officers]."). However, where a claim brought pursuant to Bivens v. Six Unknown Named Agents of Federal

6

CONCLUSION

Plaintiff's Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 28, 2014

---

Bureau of Narcotics, 403 U.S. 388 (1971), directly attacks an FAA regulation or "[is] inescapably intertwined with a review of the procedures and merits surrounding [it,] . . . . [the] suit for damages constitutes an impermissible collateral challenge to the agency [regulation], and the district court lacks subject matter jurisdiction," Green v. Brantley, 981 F.2d 514, 521 (11th Cir. 1993). Thus, to the extent the Complaint alleges a Bivens action against Defendants Scott and Subin, such a claim fails as "inescapably intertwined," id., with the FAA regulation. Furthermore, the Complaint contains no factual allegations to support any individual liability on the part of these Defendants. (See Docket Entry 2 at 1-4.)